UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

STANLEY J. VROOMAN,

        Plaintiff,

  v.

        Case No. 19-cv-1452-pp

COMMISSIONER OF THE
SOCIAL SECURITY ADMINISTRATION,

        Defendant.

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING THE FILING FEE (DKT. NO. 2)**

The plaintiff, who is proceeding without an attorney, has filed a complaint seeking judicial review of a final administrative decision denying his claim for disability insurance benefits under the Social Security Act. Dkt. No. 1. He also filed a motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

To allow the plaintiff to proceed without paying the filing fee, the court first must decide whether the plaintiff can pay the fee; if not, it must determine whether the lawsuit is frivolous. 28 U.S.C. §§1915(a) and 1915(e)(2)(B)(i).

Based on the facts in the plaintiff's affidavit, the court concludes that he does not have the ability to pay the filing fee. The plaintiff's affidavit indicates that he is married, he is not employed, and he has no dependents he is responsible for supporting. Dkt. No. 2 at 1. The plaintiff lists his spouse's wages or salary as $875 per month, and also shows income in the last twelve

1

months from renters assistance of an estimated $710 and from food stamps of $248. Id. at 2. The plaintiff's lists expenses of $867 per month ($240 rent, $197 credit card payments, $430 other household expenses). Id. at 2-3. The plaintiff owns a 2009 Chevy Aveo worth approximately $3,000, he does not own a home or any other property of value, and he has $50 in cash on hand or in a checking/savings account. Id. at 3-4. The plaintiff has demonstrated that he cannot pay the $350 filing fee and $50 administrative fee.

The next step is to determine whether the case is frivolous. A case is frivolous if there is no arguable basis for relief either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992) (quoting Nietzke v. Williams, 490 U.S. 319, 325 (1989); Casteel v. Pieschek, 3 F.3d 1050, 1056 (7th Cir. 1993)). A person may obtain district court review of a final decision of the Commissioner of Social Security. 42 U.S.C. §405(g). The district court must uphold the Commissioner's final decision as long as the Commissioner used the correct legal standards and the decision is supported by substantial evidence. See Roddy v. Astrue, 705 F.3d 631, 636 (7th Cir. 2013).

The plaintiff filed the form complaint for review of a final decision by the Commissioner of the Social Security Administration. Dkt. No. 1. The complaint states that the plaintiff received an unfavorable decision from the Commissioner, that the plaintiff was disabled during the time period included in the case, and that the Commissioner's unfavorable conclusions and findings of fact in denying benefits to the plaintiff are not supported by substantial evidence or are contrary to law and regulation. Id. at 3. At this early stage in

2

the case, and based on the information in the plaintiff's complaint, the court concludes that there may be a basis in law or in fact for the plaintiff's appeal of the Commissioner's decision, and that the appeal may have merit, as defined by 28 U.S.C. §1915(e)(2)(B)(i).

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

Dated in Milwaukee, Wisconsin this 11th day of October, 2019.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**United States District Judge**